Minute Order Form (06/97)

JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1440 | **DATE** | 8/23/2001 |
| **CASE TITLE** | Byron Martini vs. City of Elmhurst et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 8-1) to dismiss is granted. We dismiss the complaint in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 24 2001 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 AUG 23 PM 3:56 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BYRON MARTINI, )
)
    Plaintiff, )
)
vs. ) 01 C 1440
)
CITY OF ELMHURST, and ELMHURST )
POLICE DEPARTMENT POLICE )
CHIEF JOHN MILNER [SIC], )
)
    Defendants. )

DOCKETED
AUG 2 4 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, we grant the motion.

## BACKGROUND

Byron Martini, a resident of the city of Chicago, filed a *pro se* complaint against the City of Elmhurst and Elmhurst Police Department Police Chief John Milner (collectively "Defendants") on or about February 28, 2001, alleging theft of property and violation of his civil rights under 42 U.S.C. § 1983. According to the complaint, in approximately February 1996 unnamed officers of the Elmhurst Police Department entered the property of Martini's brother, Robert Martini, and removed a 1986 Chevrolet Monte Carlo belonging to Byron. The police officers allegedly turned the

car over to an unnamed female, who proceeded to transfer the ownership of the automobile into her name.

On June 14, 2001, this Court heard Defendants' Motion for a More Definite Statement, at which time Defendants accepted Martini's oral admissions as part of the complaint. We granted the motion in part and denied it in part. Defendants later filed a timely motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) claiming that Martini's civil rights claim is time-barred.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the claim, not to decide the merits of the case. See Triad Assocs., Inc. v. Chicago Housing Authority, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the complaint must be taken as true. See Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr. Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir.

1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts that sufficiently set forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion for failing to bring a claim in a timely manner, the Court must apply the proper statute of limitations for a section 1983 action. The United States Supreme Court has held that the most analogous statute of limitations for section 1983 actions, and therefore the most appropriate one, is the state's personal injury statute of limitations. See Wilson v. Garcia, 471 U.S. 261 (1985). In Illinois, the statute of limitations for personal injury actions is two years. See 735 ILCS 5/13-202. It is with these principles in mind that we turn to the motion before us.

## DISCUSSION

Defendants argue that Martini's complaint is time-barred. In section 1983 actions brought in Illinois, plaintiffs have two years from the date of the incident arising from an alleged civil rights violation in which to file a complaint. See 735 ILCS 5/13-202; Kalimara v. Illinois Dep't of Corrections, 978 F.2d 276, 277 (7th Cir. 1989). Mr. Martini filed the case at bar nearly five years after the alleged incident occurred, well after the two-year statute of limitations had run. For this reason, the complaint is time-barred and must be dismissed.

## CONCLUSION

For the foregoing reasons, we dismiss the complaint in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: _____August 23, 2001_____